1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AHUIZOTL MENDOZA BAHENA,            No.  1:17-cv-00145-JLT (HC)

12            Petitioner,                **ORDER TO SHOW CAUSE WHY**
                                         **PETITION SHOULD NOT BE GRANTED**
13        v.
                                         [FORTY-FIVE DAY DEADLINE]
14   TIMOTHY AITKEN, et al.,,

15            Respondents.

16

17        Petitioner has filed a petition for writ of habeas corpus challenging his indefinite detention

18   by the United States Bureau of Immigration and Customs Enforcement ("ICE").

19        Petitioner states he is a citizen of Mexico who entered the United States illegally on or

20   about July 9, 2003.  Subsequently, he was convicted a crime which constituted a removable

21   offense.  He was taken into custody on March 4, 2016 and has remained in ICE custody since

22   then.  He states he has been in ICE custody for more than six months since his

23   removal/exclusion/deportation order became final.

24        Petitioner contends that his detention pursuant to 8 U.S.C. § 1231(a)(2) has exceeded the

25   six-month presumptive period set forth in Zadvydas v. Davis, 533 U.S. 678 (2001), that his

26   continued detention is no longer reasonable, that Respondent has been unable to effect his

27   removal to Mexico, that there is no "significant likelihood" of such removal in the "reasonably

28   foreseeable future," and therefore that his ongoing detention is indefinite and violates his

1

1    substantive and procedural due process rights under the Due Process Clause of the Fifth

2    Amendment of the United States Constitution.

3        Because Petitioner may be entitled to relief if the claimed violations are proved,

4    Respondent is **ORDERED** to show cause why the Petition should not be granted.  Rule 4, Rules

5    Governing Section 2254 Cases; <u>see</u> Rule 1(b), Rule 11, Rules Governing Section 2254 Cases;

6    Fed. R. Civ. P. 81(a)(2).  Respondent **SHALL INCLUDE** a copy of Petitioner's Alien File and

7    any and all other documentation relevant to the determination of the issues raised in the petition.

8    Rule 5 of the Rules Governing Section 2254 Cases.  In the event the Petitioner is released from

9    ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a

10    Motion to Dismiss the Petition or other proper pleading.  Should the parties fail to notify the

11    Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the

12    inherent power of the Court to issue sanctions in appropriate cases.  <u>See</u> Local Rule 110.

13        Accordingly, the Court **ORDERS**:

14        1.     **Within 45 days**, Respondent is **SHALL** show cause in writing why the Petition

15    should not be granted.  Petitioner may file a Traverse to the Return **within 10 days** of the date the

16    Return to the Order to Show Cause is filed with the Court.

17        2.     The Clerk of the Court is **DIRECTED** to **SERVE** a copy of the Petition for Writ

18    of Habeas Corpus on the United States Attorney.

19        The Court has determined that this matter is suitable for decision without oral argument

20    pursuant to Local Rule 230(h).  As such, the matter will be taken under submission following the

21    filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other

22    briefing in this action is suspended.

23

24    IT IS SO ORDERED.

25    Dated:    **March 1, 2017**              **/s/ Jennifer L. Thurston**

26                                        UNITED STATES MAGISTRATE JUDGE

27

28