# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHUIZOTL MENDOZA BAHENA, | ) Case No.: 1:17-cv-00145-JLT (HC) |
| Petitioner, | ) ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | ) |
| | ) FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS AND RESPONDENT'S MOTION TO DISMISS |
| TIMOTHY AITKEN, et al., | ) |
| Respondents. | ) |
| | ) [TWENTY-ONE DAY DEADLINE] |

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges his continued detention by the Immigration and Customs Enforcement ("ICE"). He claims he should be immediately released on bond because he has been detained for longer than six months with no reasonable likelihood of removal in the foreseeable future. Respondent contends that Petitioner is in a category of immigration detainees termed "withholding-only," that his detention is not indefinite, and that his removal is likely in the reasonably foreseeable future. The Court agrees with Respondent that Petitioner is not entitled to immediate release; however, the Court agrees with Petitioner that he should be given a bond hearing before an immigration judge. Thus, the Court will recommend that the petition be GRANTED IN PART and DENIED IN PART, that Respondent's motion to dismiss be GRANTED IN PART and DENIED IN PART, and that Respondents be

1

ORDERED to provide Petitioner with a bond hearing before an Immigration Judge.

**I.      BACKGROUND[1]**

Petitioner is a native and citizen of Mexico who entered the United States without inspection on or about July 9, 2003.  He was convicted of an aggravated felony on April 15, 2014, and sentenced to 40 months imprisonment in federal prison.  After serving his sentence he was released into ICE custody on March 4, 2016, where he has remained since.

On May 16, 2016, the Department of Homeland Security ("DHS") issued a Final Administrative Removal Order finding that "the administrative record established by clear, convincing, and unequivocal evidence" that Petitioner was deportable as an aggravated felon.  Petitioner was ordered to be removed from the United States.  Petitioner requested withholding or deferral of removal under the Convention Against Torture ("CAT").  8 C.F.R. § 208.31(b).  On May 31, 2016, the DHS found that Petitioner had a reasonable fear of persecution upon return to Mexico.  He was placed in "withholding-only" proceedings and referred to the Immigration Judge.  8 C.F.R. § 208.31(a).  A hearing was set for April 25, 2017, at which time the Immigration Judge was expected to decide the merits of Petitioner's application for withholding of removal.  To date, the parties have not notified the Court of the outcome of the hearing.  Respondent states that if the Immigration Judge concludes that Petitioner has not established a reasonable fear, the case will be returned to ICE for execution of the order of removal.  8 C.F.R. § 208.31(g).  If however he is successful in seeking withholding, he could not be removed to the country of risk.  He would remain in detention but could be removed to an alternate country.  8 C.F.R. §§ 208(g)(2), 1208.16(f); 8 U.S.C. § 1231(b)(2)(E).  He would still remain subject to a final order of removal. 8 U.S.C. § 1231(b)(3).

Petitioner also filed a motion for custody redetermination contending he was entitled to a bond. On December 9, 2016, the Immigration Judge denied his request for custody redetermination for lack of jurisdiction.  He appealed to the Immigration Judge's decision to the Bureau of Immigration Appeals ("BIA") and the appeal was denied.

*///*

---

[1] This information is derived from the pleadings and the Record of Proceedings submitted by Respondent.

## II.     DISCUSSION

Petitioner states he has been in detention since March 4, 2016, and ICE has been unable to remove him to Mexico or any other country. He alleges that he must be released because the six month presumptively reasonable period of detention has passed, there are no special circumstances justifying continued detention, and there is no reasonable likelihood of removal in the foreseeable future. Zadvydas v. Davis, 533 U.S. 678, 699-700 (2001). He contends that he has repeatedly sought custody redeterminations but those requests have been denied. In addition, he claims the Immigration Judge wrongly rejected his requests for a bond hearing for lack of jurisdiction finding Petitioner was not in removal proceedings but in "withholding-only" proceedings. Likewise, he contends the BIA erred in affirming the Immigration Judge's decision.

A.  Statutory Basis for Continued Detention

The first issue the Court must address is the current statutory basis for Petitioner's continued detention. Petitioner contends he is detained pursuant to 8 U.S.C. § 1226(c), and Respondent contends Petitioner is detained pursuant to § 1231(a). The basis for detention is important because "[w]here an alien falls within the statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008.)

Petitioner is subject to a final order of removal. As noted above, he may seek an exception from the order of removal if he fears returning to the country designated in the removal order. 8 C.F.R. § 208.31. Upon seeking such exception, the petitioner's case is immediately forwarded to an asylum officer to determine whether the petitioner has a reasonable fear of persecution or torture. If the asylum officer so finds, the matter is referred to the Immigration Judge "for full consideration of the request for withholding of removal only." 8 C.F.R. § 208.31(e). Petitioner fears removal to Mexico and has requested withholding of his removal order. The withholding proceedings are ongoing.

During withholding proceedings, the Immigration Judge may only consider whether the petitioner should be granted withholding or deferral. 8 C.F.R. § 1208.2(c)(3)(i). The Immigration Judge may not consider "any other issues, including but not limited to issues of admissibility,

3

deportability, eligibility for waivers, or eligibility for any other form of relief." Id. If withholding is granted, the petitioner may not be removed to the withholding country. Nevertheless, nothing prevents the alien from being removed to a country other than the country to which removal is withheld or deferred. 8 C.F.R. § 1208.16(f). The parties may appeal the decision to the BIA.

Title 8 U.S.C. § 1226(c) governs detention of certain criminal aliens during the pendency of removal proceedings. This statute provides for discretionary detention "pending a decision on whether the alien is to be removed from the United States," and authorizes ICE to release the alien on bond. 8 U.S.C. § 1226(a). On the other hand, 8 U.S.C. § 1231(a) governs "detention, release, and removal of aliens ordered removed." It authorizes detention in only two circumstances: 1) "During the removal period," the Attorney General "shall" detain the alien; and 2) "[B]eyond the removal period," the Attorney General "may" continue to detain certain aliens specified in the statute, or release them under an order of supervision. 8 U.S.C. §§ 1231(a)(2), (6).

The record shows Petitioner is subject to a final order of removal. Although Petitioner has requested withholding, the Court finds that the removal order is "administratively final" as that term is used in § 1231(a). In "withholding-only" proceedings, the Immigration Judge's jurisdiction is limited to whether the alien is entitled to the protection of withholding or deferral of removal. 8 C.F.R. § 1208.2(c)(3)(i). The Immigration Judge has no jurisdiction over the removal order itself. The alien is subject to a final order of removal, and the DHS is not restricted from removing him from the United States, but only to the designated country of removal. 8 U.S.C. § 1231(b)(3). For these reasons, it cannot be said that Petitioner is "pending decision on whether . . . [he] is to be removed from the United States" per § 1226(c). The removal decision has already been rendered; thus, it follows that Petitioner is "post-removal" rather than pending a decision on removal. Therefore, the Court finds that Petitioner is detained pursuant to § 1231(a).

B. Post-Removal Detention Period

As noted above, the removal period set forth in 8 U.S.C. § 1231(a)(1)(B) is 90 days from the date the order of removal becomes administratively final, and the detention is governed by § 1231(a)(2). The Attorney General is required to remove the alien from the United States within this 90-day removal period. Beyond the 90 days, DHS has the discretionary authority under § 1231(a)(6)

4

to detain certain aliens or to release them under an order of supervision. However, Petitioner has been detained well beyond the 90 day removal period. He was taken into ICE custody on March 4, 2016, and has remained in detention since then. The parties do not dispute that Petitioner has been detained nearly a year beyond the general 90-day removal period.

Continued detention beyond the removal period is governed by the Supreme Court decision in Zadvydas v. Davis, 533 U.S. 671 (2001). In Zadvydas, the Supreme Court adopted a presumptively reasonable six-month period of detention. Id. Beyond that six month period, an alien is entitled to relief if he "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

The Court finds that Petitioner has not met his burden to show that there is no significant likelihood of removal in the reasonably foreseeable future. As noted by Respondent, the only obstacle to Petitioner's removal at this point is the "withholding-only" petition he has filed. A hearing was to have been conducted on April 25, 2017, to determine the merits of that petition. A decision on the merits of the petition is appealable to the BIA. If he is unsuccessful, nothing would prevent the DHS from removing him from the United States. If he is successful, he could still be removed to another country. If he is still in "withholding-only" proceedings as of August 13, 2017, Respondent submits that Petitioner will be given a new custody determination by ICE. In any event, at this time, removal appears likely in the reasonably foreseeable future.

## C. Bond Hearing

The Ninth Circuit has held that prolonged detention under § 1231(a)(6), without adequate procedural protections, would raise "serious constitutional concerns." Casas-Castrillon v. Dept. of Homeland Security, 535 F.3d 942, 950 (9th Cir. 2008). In Diouf v. Napolitano, the Ninth Circuit held that an individualized bond hearing before an immigration judge is required for aliens facing prolonged detention under § 1231(a)(6). Diouf v. Napolitano, 634 F.3d 1081, 1086 (9th Cir. 2011). At such bond bearing, the government must establish that the alien is a flight risk or will be a danger to the community, or the alien is entitled to release on bond. Id.

Respondent states that if Petitioner is still in withholding-only proceedings as of August 13, 2017, he will receive a new custody determination. In <u>Diouf</u>, the Ninth Circuit held that a custody determination by the DHS conducted at or beyond the six-month period, while appropriate, is insufficient "to address the serious constitutional concerns raised by continuous detention." <u>Id</u>. at 1091. "The [DHS] regulations do not afford adequate procedural safeguards because they do not provide for an in-person hearing, they place the burden on the alien rather than the government and they do not provide for a decision by a neutral arbiter such as an immigration judge." <u>Id</u>.

Because Petitioner has been and continues to face prolonged detention regardless of withholding proceedings, the Court finds that he is "entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community. <u>Id</u>. at 1092. The Court recommends that the District Court order that Petitioner be granted a bond hearing before an Immigration Judge.

## III.    ORDER

The Clerk of Court is DIRECTED to assign a District Judge to the case.

## IV.    RECOMMENDATION

Accordingly, the Court RECOMMENDS:

1) The petition for writ of habeas corpus be GRANTED IN PART and DENIED IN PART;

2) Respondent's motion to dismiss be GRANTED IN PART and DENIED IN PART;

3) An order of release be DENIED WITHOUT PREJUDICE; and

4) Respondents PROVIDE Petitioner with a bond hearing before an Immigration Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28

U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **June 27, 2017**                    _____ **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE