1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11   AHUIZOTL MENDOZA BAHENA,                    No.  1:17-cv-00145-DAD-JLT (HC)

12               Petitioner,                     **ORDER SUPPLEMENTING FINDINGS
                                                 AND RECOMMENDATIONS IN LIGHT
13                                               OF INTERVENING CASE LAW**

14        v.                                     **(Doc. 9)**

15   TIMOTHY AITKEN, et al.,                     **21-DAY OBJECTION DEADLINE**

16               Respondents.

17

18        Petitioner is currently detained by the Bureau of Immigration and Customs Enforcement

19   (ICE) in "withholding-only" proceedings following a final order of removal.  On June 28, 2017,

20   the undersigned issued Findings and Recommendation to grant in part and deny in part the

21   petition for writ of habeas corpus.  Specifically, the undersigned recommended that Petitioner's

22   request for immediate release be denied, but Respondents be ordered to provide Petitioner with a

23   bond hearing before an Immigration Judge.  (Doc. No. 9.)  This Findings and Recommendation

24   was served upon all parties and contained notice that any objections were to be filed within

25   twenty-one days from the date of service of that order.

26        On July 14, 2017, Respondents filed objections to the Findings and Recommendation.

27   (Doc. No. 10.)  Respondents note that subsequent to the issuance of the Findings and

28   Recommendation, the Ninth Circuit issued a decision in <u>Padilla-Ramirez v. Bible</u>, No. 16-35385,

1

1    2017 WL 2871513 (9th Cir. 2017).  Respondents claim that Padilla-Ramirez bears directly on the

2    issues presented here.  Respondents argue that Padilla-Ramirez holds that detainees such as the

3    petitioner who are in withholding-only proceedings are detained pursuant to 8 U.S.C. § 1231(a)

4    and are therefore not entitled to a bond hearing before an Immigration Judge.  Respondents claim

5    that the Findings and Recommendation is now contrary to Ninth Circuit precedent.  The Court

6    does not find Respondents' arguments persuasive.

7          As Respondents correctly state, Padilla-Ramirez answered the question as to which statute

8    governed the detention of individuals in withholding-only proceedings.  As Respondents had

9    argued and as was determined in the Findings and Recommendation, the correct statute is 8

10   U.S.C. § 1231(a).  Id. at  *4.  However, Padilla-Ramirez does not address the specific issue here:

11   whether the petitioner, who has been subjected to prolonged detention, is entitled to a bond

12   hearing.

13         In Padilla-Ramirez, the petitioner requested a bond hearing before an Immigration Judge

14   pursuant to 8 C.F.R. § 236.1(d)(1).  Section 236.1 of Title of the Code of Federal Regulations

15   governs the detention of aliens prior to an order of removal, and among other things, provides for

16   bond hearings.  However, as noted in Padilla-Ramirez, "[t]he bond hearing authorized under 8

17   C.F.R. § 236.1 does not apply to detentions authorized under section 1231(a)."  2017 WL

18   2871513, *2.  Since Padilla-Ramirez was detained pursuant to § 1231(a), and not § 1226(a), the

19   Ninth Circuit rejected his request for a bond hearing under § 1226(a).  Id.  The appellate court

20   specifically limited its decision to "only address[] Padilla-Ramirez's entitlement to an initial bond

21   hearing under 8 C.F.R. § 236.1."  Id.  The Ninth Circuit stated that its decision did "not address

22   Padilla-Ramirez's entitlement to a bond hearing after prolonged detention."  Id.  The court

23   reaffirmed its decision in Diouf v. Napolitano, 634 F.3d 1081 (9th Cir. 2011) (Diouf II), that

24   "'individuals detained under § 1231(a)(6) are entitled to the same procedural safeguards against

25   prolonged detention as individuals detained under § 1226(a).'"  Padilla-Ramirez, 2017 WL

26   2871513, *2 (quoting Diouf II, 634 F.3d at 1084).

27         Unlike Padilla-Ramirez, Petitioner is not seeking a bond hearing under 8 C.F.R. § 236.1.

28   Rather, as discussed in the Findings and Recommendation, he is subject to a final order of

2

1    removal and has been detained for over a year beyond the 90-day removal period.  Accordingly,

2    he is detained under § 1231(a)(6) pursuant to the Department of Homeland Security's

3    discretionary authority.  Following other courts in the circuit, and for the reasons set forth in the

4    Findings and Recommendation of June 28, 2017, the Court continues to recommend that

5    Petitioner be given a bond hearing before an Immigration Judge, and unless the government

6    establishes that he poses a risk of flight or a danger to the community, he be released from

7    detention.  See Herrera v. United States Attorney Gen., 2017 WL 2963569, at *1 (D. Ariz. May

8    11, 2017), *report and recommendation adopted sub nom.*, Ana Silvia Cortes Herrera v. United

9    States Attorney Gen., 2017 WL 2957798 (D. Ariz. July 11, 2017) (holding that detainee who had

10   been subject to detention longer than six months was entitled to bond hearing); Guardado-

11   Quevara v. Lynch, 2016 WL 4136547, at * 4 (D. Ariz. June 27, 2016*), report and*

12   *recommendation adopted*, 2016 WL 4074113 (D. Ariz. August 1, 2016) (concluding that

13   petitioner in withholding proceedings was entitled to a bond hearing); Gonzalez v. Asher, 2016

14   WL 871073, at *3 (W.D. Wash. Feb. 16, 2016), *report and recommendation adopted*, 2016 WL

15   865351 (W.D. Wash. Mar. 7, 2016) (finding that petitioner "is entitled to a bond hearing under

16   either § 1226(a) or § 1231(a)" under Diouf II because he "has been detained by ICE for more than

17   six months and his detention is likely to continue until his withholding-only proceedings are

18   concluded"); Acevedo-Rojas v. Clark, 2014 WL 6908540, at *6 (W.D. Wash. Dec. 8, 2014)

19   (concluding that a petitioner with a reinstated removal order and in withholding proceedings was

20   detained under § 1231(a) detention and was entitled to bond hearing at six months as required by

21   Diouf II); Giron-Castro v. Asher, 2014 WL 8397147, at *3 (W.D. Wash. Oct. 2, 2014) (same).

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

3

1

**ORDER**

2      For the foregoing reasons, the Findings and Recommendation issued on June 28, 2017, is

3  SUPPLEMENTED.  The Court makes the same recommendation: 1) that the petition be

4  GRANTED IN PART and DENIED IN PART; 2) that Respondents' motion to dismiss be

5  GRANTED IN PART and DENIED IN PART; 3) that an order of release be DENIED

6  WITHOUT PREJUDICE; and 4) that Respondents be required to provide Petitioner with a bond

7  hearing before an Immigration Judge.

8      Within twenty-one days after being served with a copy of this Findings and

9  Recommendation, any party may file written objections with the Court and serve a copy on all

10  parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

11  Recommendation." Replies to the Objections shall be served and filed within ten court days (plus

12  three days if served by mail) after service of the Objections. The Court will then review the

13  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that

14  failure to file objections within the specified time may waive the right to appeal the Order of the

15  District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17  IT IS SO ORDERED.

18      Dated:   **July 20, 2017**                    **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28